IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>RAMOS, et al.,<br><br>    Defendants. | No. 2:19-CV-0917-MCE-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for the appointment of counsel (ECF No. 17).

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

1

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues appointment of counsel is warranted because he is indigent. This does not describe an exceptional circumstance but a circumstance common to almost every prisoner pursuing a case in federal court. Further, a review of the record reflects that this case is not complex, either legally or factually, and plaintiff has thus far been able to articulate his claims on his own. Finally, at this state of the litigation with a motion to dismiss the complaint pending, the Court cannot say that plaintiff has any particular likelihood of success on the merits.

It appears that plaintiff's motion for the appointment of counsel was filed in response to defendants' motion to dismiss and in lieu of an opposition thereto. On the Court's own motion, plaintiff will be granted an extension of time to file a response to defendants' motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for the appointment of counsel (ECF No. 17) is denied; and

2. Plaintiff may file an opposition to defendants' motion to dismiss within 30 days of the date of this order.

Dated:  May 28, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE